

# Missouri Court of Appeals

## Southern District

### Division Two

JAMES W. WIKLUND, )
)
    Movant-Appellant, )
)
  vs. )    No. SD35230
)    Filed: April 2, 2019
STATE OF MISSOURI, )
)
    Respondent-Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Tony W. Williams, Judge

### AFFIRMED

James W. Wiklund ("Wiklund"), appeals from a judgment of the motion court denying his amended Rule 29.15[1] motion to set aside his convictions of first-degree burglary, first-degree assault, first-degree robbery, armed criminal action, two counts of kidnapping, and tampering with a motor vehicle. Because the motion court's decision to deny relief after an evidentiary hearing was not clearly erroneous, we affirm.

---

[1] All rule references are to Missouri Court Rules (2018).

**Factual and Procedural Background**

On the evening of December 28, 2012, Wiklund, and an accomplice, accosted victims in their home. After assaulting one of the victims, and holding the other at knife point, Wiklund and his accomplice stole a vehicle, cash, firearms, jewelry, collector's items, and debit cards with personal identification numbers.

Following a jury trial, the jury found Wiklund guilty of first-degree burglary, first-degree assault, first-degree robbery, armed criminal action, two counts of kidnapping, and first-degree tampering with a motor vehicle.[2] The trial court sentenced Wiklund—as a prior and persistent offender—to a term of 30 years in prison for each count of burglary, assault, robbery, and both counts of kidnapping. The trial court also sentenced Wiklund to 3 years for armed criminal action, and 10 years for tampering with a motor vehicle. The sentences totaled 163 years, to be served consecutively.

Wiklund appealed his convictions, and this Court issued its mandate affirming the judgment of the trial court on February 9, 2016. ***State v. Wiklund***, SD33803.

On June 20, 2016, Wiklund timely filed a Rule 29.15 amended motion.[3] He asserted, in relevant part, that trial counsel was ineffective in "her handling of plea negotiations" in that she failed to directly communicate Wiklund's acceptance of the State's plea offer to the prosecutor before the State withdrew its offer. Specifically, Wiklund asserted that the State's plea offer "called for an open plea to all counts except count 8 which was to be dismissed but that all counts would run concurrently."

---

[2] Wiklund was also charged with resisting arrest, but this charged was dismissed prior to trial.

[3] On March 17, 2016, Wiklund timely filed a *pro se* Rule 29.15 motion. On March 21, 2016, the motion court appointed the public defender to represent Wiklund. On April 12, 2016, the motion court granted a thirty-day extension of time to file an amended motion, which was due on June 19, 2016. Since June 19, 2016 was a Sunday, Wiklund's amended motion was filed the following Monday, June 20, 2016, pursuant to Rule 44.01(a).

On August 11, 2017, the motion court held an evidentiary hearing.[4]  Trial counsel and Wiklund testified.

Trial counsel testified that initially the State's offer was "life . . . 30 years[,]"or "one life sentence concurrently[]" due to the many counts.  She attempted to negotiate at that time, but the State was firm.  She last talked to the prosecutor on the Wednesday before trial, and the offer was still the same.  The prosecutor told her to "let [him] know by the end of the week, otherwise, the offer [was] completely off the table."

Trial counsel was unable to talk to Wiklund on Thursday due to court obligations in another county.  She stated that early Friday morning, before 8:00 a.m., she went to the jail and talked to Wiklund about the offer and that "[a]fter talking it over, [they] had decided that it would be in his best interest to take the offer."  At approximately 8:00 a.m., she went to the prosecutor's office to communicate the acceptance of the offer, but the prosecutor was not there.  She then communicated the acceptance to someone at the front desk, and then "scurried back to [her] office where [her] laptop and cell phone were, and [she] relayed to [the prosecutor] by e-mail [their] acceptance."  Her e-mail was sent "a little after 9:00 a.m."  She testified she "received a message back from the State saying that the offer was off the table," and the parties proceeded to trial.

Trial counsel testified they "always had the same offer," that "the offer had always been on the table[,]" and just the "acceptance was pending" the days before trial.  She stated that she and Wiklund had "discussed [the offer] in the past, though [she] could not tell . . . specific dates."

Wiklund testified that trial counsel met with him on the Friday morning before trial and relayed the State's final offer.  He stated he was in the jail when he accepted the offer that Friday

---

[4] The motion court took judicial notice of the underlying criminal file and transcript.

morning, and that it was about 8:00 a.m. Wiklund testified that he was told on Saturday that the State had taken the plea offer off the table.

On September 29, 2017, the motion court denied Wiklund's motion. In relevant part, the motion court found that trial counsel received the State's offer of "concurrent time," that she timely conveyed it to Wiklund, and that "the offer was subsequently pulled by the prosecuting attorney's office prior to acceptance by that office, but after [Wiklund's] acceptance." The motion court denied Wiklund's motion finding that Wiklund was "unable to show prejudice to himself or the result he received in this case." The motion court observed that "Missouri law is clear that the State has the discretion to withdraw a plea offer, *even an accepted plea offer*, at any time prior to the offer's acceptance by the trial court." (Emphasis in original). The motion court further observed that because Wiklund was

> charged with many counts that carried a maximum sentence of life imprisonment, including Armed Criminal Action which has no maximum term of years - [Wiklund] could've very well been sentenced to well over one hundred years on that count, which under the alleged plea agreement, which was subsequently withdrawn, [was] a potential sentence.

This appeal followed.

In a single point, Wiklund asserts the motion court erred in denying his Rule 29.15 motion because he received ineffective assistance of counsel when trial counsel failed to convey a plea offer to him until the Friday before trial, when it had been extended on Wednesday, causing the plea offer to be rescinded.

**Standard of Review**

> This Court reviews the denial of post-conviction relief to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made. The motion court's findings are presumed correct. This Court defers to the motion court's superior opportunity to judge the credibility of witnesses.

4

To be entitled to post-conviction relief for ineffective assistance of counsel, a movant must show by a preponderance of the evidence that his or her trial counsel failed to meet the *Strickland* test to prove his or her claims. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, Movant must demonstrate: (1) his trial counsel failed to exercise the level of skill and diligence reasonably competent trial counsel would in a similar situation, and (2) he was prejudiced by that failure. *Id.* at 687, 104 S.Ct. 2052.

Movant must overcome the strong presumption trial counsel's conduct was reasonable and effective. To overcome this presumption, a movant must identify specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance.

*Anderson v. State*, 564 S.W.3d 592, 600–01 (Mo. banc 2018) (internal quotations and citations omitted).

To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

*Missouri v. Frye*, 566 U.S. 134, 147, 132 S.Ct. 1399, 1409, 182 L. Ed. 2d 379 (2012).

**Analysis**

In his single point relied on, Wiklund asserts the motion court clearly erred in rejecting his Rule 29.15 motion in that "trial counsel failed to convey a beneficial plea offer until the Friday before trial, in that the offer was extended on Wednesday and trial counsel knew that the offer would expire before the end of the week as trial was scheduled the following Monday morning."

Wiklund complains of his missed opportunity to accept "an open plea to all counts except count 8 which was to be dismissed but that all counts would run concurrently." The trial court sentenced Wiklund to 163 years in prison, aggregate of individual sentences for 7 counts to be

5

served consecutively. Wiklund asserts he would have been better off if the sentences ran concurrently. However, he ignores the fact that the trial court (even if it accepted the plea agreement), would have known that concurrent rather than consecutive sentencing applied. In that vein, the trial court might just as well have sentenced Wiklund to 163 years' imprisonment (or more) on the unclassified felony of armed criminal action.[5] *See* section 571.015; ***State v. Galbreath***, 244 S.W.3d 239, 241 (Mo.App. S.D. 2008).

Wiklund points to nothing that suggests there was a reasonable probability that the trial court would have imposed less time overall if the sentences were concurrent rather than consecutive. *See **Frye***, 566 U.S. at 147. Having failed in his burden to so demonstrate, Wiklund's appeal is unavailing. His point on appeal is denied.

---

[5] The trial court's comments during sentencing reveal no indication the trial court was inclined to issue a lighter sentence:

> [T]he Court, Mr. Wiklund, has deliberated a great amount of time in considering the sentences in this case.
>
> At least six of the seven counts if considered only by themselves would be considered violent and dangerous. The residence [sic] of Taney County have the right to reside in their homes in peace and not robbed, beaten, threatened, or terrorized, or threatened with a knife.
>
> In this case we have a veteran who served his nation proudly. And he and [his] wife retired to the Branson area to lead a peaceful retirement for the rest of their life. And you and your codefendant interrupted and destroyed their way of life.
>
> The lives of [Victims] will never be the same. Unfortunately, as much as this Court wants to do so, there is nothing this Court can do to restore [Victims] the lives that they led in peace before December 28th, 2012.
>
> However, on their behalf this Court can send a message to anyone who would come to Taney County and consider performing such criminal acts in this county in the future. And that should anyone come to this county to do so they will regret that decision.
>
> Also, by these sentences I'm making sure that you will never be able to perform crimes again in this county or any other county and let the word go out that the residence [sic] of this county, law enforcement of this county, prosecuting attorney of this county, and the judicial system after receiving proper juridical process will not tolerate such criminal acts.

The judgment of the motion court is affirmed.

WILLIAM W. FRANCIS, JR., P.J. - OPINION AUTHOR

DANIEL E. SCOTT, J. - CONCURS

MARY W. SHEFFIELD, J. - CONCURS